UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STACY YUN-CHIA LIU | ) |
| | ) No. 19-cv-00696 |
| Plaintiff, | ) |
| | ) |
| v. | ) The Honorable Sheila Finnegan |
| | ) |
| WINSBY, INC., AN ILLINOIS CORPORATION, AND DEBORAH FRAKES, INDIVIDUALLY | ) |
| | ) JURY DEMAND |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR APPROVAL
OF FLSA SETTLEMENT**

NOW COMES Plaintiff, and for her Motion for Approval of Settlement, which as required by prevailing law, respectfully requests the Court approve the private resolution of this wage dispute ("the Settlement") entered into between the Parties and dismiss the above-captioned lawsuit, which was brought pursuant to the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"), states as follows:

1.  On February 4, 2019, Plaintiff filed suit against Defendants, alleging claims under the FLSA and the IMWL. *See* ECF No. 1.

2.  After filing, on February 27, 2019, defense counsel reached out to Plaintiff's counsel concerning "consent" to transfer this matter from the district court Judge to the magistrate Judge and asking for information to support Plaintiff's claim for back wages. Plaintiff's counsel agreed to both.

3.  Despite that cooperation, and pursuing its right to vigorously defend Plaintiff's claims, on March 12, 2019 Defendants filed their *"Twombly"* Motion To Dismiss, asserting Plaintiff's complaint lacked sufficient allegations to satisfy the *Twombly* standard.

1

4. After transfer to this Court was completed, rather than engage the Court in protracted briefing on Defendants' Motion, Plaintiff agreed to file a First Amended Complaint in order to attempt to remedy the deficiencies Defendants alleged. That First Amended Complaint was filed timely on April 8, 2019.

5. In the interim, Plaintiff also honored her promise to present Defendant with a settlement proposal under the theories alleged concerning the non-payment of overtime. In a good faith effort to resolve this matter efficiently and promptly, Plaintiff submitted her settlement proposal on March 27, 2019, complete with detailed spreadsheets and calculations. See **Group Exhibit A** attached hereto.

6. After receiving requests for follow-up information from Defendants and responding in good faith, additional dialogue and additional negotiations ensued. On April 3, 2019 Defendants agreed with Plaintiff's detailed settlement proposal and tendered a check to Plaintiff in the full amount of Plaintiff's assessment of her underlying, out of pocket, wage damages ($6,784.66). Defendants' tender excluded Plaintiff's attorney's fees, an issue that will still need to be resolved either by agreement or by Plaintiff's Motion for the same.

7. In the Seventh Circuit, to ensure a valid and enforceable release of an FLSA claim, the Court must approve the settlement. *See, e.g.*, *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (citing *Lynn's Food Stores, Inc. v. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2001 WL 1403007, at *6 (N.D. Ill. Nov. 7, 2001). When reviewing a proposed FLSA settlement, the district court should scrutinize the settlement and decide whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1353, 1355. If a settlement in an employee FLSA suit reflects a reasonable compromise over issues, such as FLSA coverage or computation

of back wages, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. "Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution [sic] of a bona fide dispute over FLSA provisions. *Id*. at 1355

8. In this instance, particularly in light of the fact Defendants had denied Plaintiff her rightful wages while employed, there is little doubt the Settlement was achieved as the result of contested issues concerning Plaintiffs' entitlement to alleged unpaid overtime under the FLSA. Recognizing that continued litigation would be protracted, expensive, uncertain, and contrary to their best interests, the Parties were able to resolve the wage disputes despite the pending issue of Defendant's *Twombly* motion and Defendants' likely denial of any wage underpayment. Given the contested nature of the underlying litigation, the Court should likewise conclude that the Settlement is fair. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversarial nature of a litigated FLSA claim resulting in settlement as indicia of fairness); *Roberts v. Apple Sauce, Inc.*, No. 12-cv-830, 2014 WL 4804252 (N.D. Ind. Sept. 25, 2014) ("The reviewing Court normally approves a settlement where it is based on arm's-length negotiations, which were undertaken in good faith by counsel and where serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation".)

9. Furthermore, in reviewing the record and evaluating the strength of the case to determine whether a proposed FLSA settlement is "a fair and reasonable resolution of a *bona fide* dispute over [the application of the] FLSA['s] provisions," *Lynn's Food Stores, Inc.*, 679 F.3d at 1355, courts consider the following non-exclusive factors: "(1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the Plaintiffs to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation." *Butler v. American Cable & Telephone, LLC*, No. 09 CV 5336, 2011 WL 4729789, at *9 n.9 (N.D. Ill. Oct. 6, 2011).

10. Here, the Settlement is fair and reasonable and meets all applicable factors considered by courts. As an initial matter, the Settlement appropriately factored in the complexity, risk, expense, likely duration of the litigation and the range of reasonableness of the settlement in light of the best possible recovery. Namely, the Parties entered into good faith dialogue and exchanged information resulting in a meeting of the minds and a fair and reasonable outcome to Plaintiff's wage damages.

11. Moreover, the Settlement is not the product of fraud or collusion. Instead, after first denying Plaintiff her rightful wages during employment but then engaging in good faith negotiations after suit was filed, the Settlement was reached in an adversarial proceeding through arm's length negotiations between capable attorneys. Counsel for the Parties were thoroughly familiar with the facts and legal issues when settlement negotiations began. In the end,

experienced counsel on both sides of the matter deemed the settlement fair and reasonable and an agreement as to the back-wage element of Plaintiff's claim was reached.

12. Based on the aforementioned factors, the Parties have concluded that the settlement amount described herein relative to Plaintiff's back wage damages is fair, reasonable, adequate, in the best interests of the Parties, and not worthy of the costs and risks associated with continued litigation.

WHEREFORE, for all the reasons stated above, Plaintiff respectfully requests an order: (1) approving the Settlement as fair and reasonable, and; (2) setting this matter for hearing or briefing on Plaintiff's claim for statutory attorney's fees, should the parties not be able to resolve that portion of Plaintiff's claims.

Respectfully submitted,

*Electronically Filed 4/8/2019*

*/s/ John W. Billhorn*

John W. Billhorn
Samuel D. Engelson

Billhorn Law Firm
53 West Jackson Blvd., Suite 401,
Chicago, Illinois 60604
312) 853-1450